(562 P.2d 94)

No. 48,223

VELMA R. PARIS, *et al., Appellants,* v. THE BOARD OF EDUCATION OF SEAMAN UNIFIED SCHOOL DISTRICT No. 345, Shawnee County, Kansas, *et al., Appellees.*

Petition for review denied April 18, 1977.

Opinion filed February 25, 1977.

*Ward D. Martin* and *John C. Frieden* of Crane, Martin, Claussen, Hamilton & Barry, of Topeka, for the appellants.

*William E. Enright* and *George A. Scott* of Scott, Quinlan and Hecht, of Topeka, for the appellees.

Before FOTH, PARKS and SWINEHART, JJ.

SWINEHART, J.: This is an action in which appellants-plaintiffs seek the enforcement of an agreement of compromise and settlement entered into between the representatives of appellants-plaintiffs and representatives of appellees-defendants. For clarity, appellants will be referred to as plaintiffs, and appellees as defendants.

The plaintiffs are part of a group of 83 teachers who were terminated by defendants during the year of 1973. Their termination occurred as a result of a walk-out, strike or work-stoppage during a period of time in the spring of 1973. At that time, a dispute existed between the professional employees (teachers) and the defendant School District. Their termination led to the filing of a mandamus action, *Seaman Dist. Teachers' Ass'n v. Board of Education,* 217 Kan. 233, 535 P. 2d 889. The trial court, in that case, compelled defendants to resume negotiations as it related to the contract for the school year of 1973-1974. All teachers employed by the Seaman School District were repre-

sented by a negotiating team appointed as the duly authorized representative of teachers as provided for in K.S.A. 72-5415 to 72-5420.·

The compromise and agreement here involved w?s negotiated by the respective parties in the *Seaman* action, supra. The facts of the negotiations in that case should be reviewed as they relate to this case.

Two negotiated compromise and settlement agreements were reached by the negotiation representatives of the Teachers' Association and the School Board. One agreement settled the terms and conditions of professional services of teachers for the school year of 1973-1974. The other agreement settled the conditions for the return of terminated teachers.

Before the agreements were to be binding on the parties, the same had to be ratified by the parties. The terminated teachers did, at a special meeting on the afternoon of May 15, 1973, consider and approve, by a majority vote, the negotiated agreement for their return. That evening, the professional employees met, and by majority vote, approved the negotiated agreement as to terms and conditions for professional services for the school year 1973-1974. Defendant School Board met on May 17, 1973, and by majority vote, rejected the negotiated agreement for terminated teachers and approved the negotiated agreement for professional services for the school year 1973-1974. The question of sufficiency of notice for said meetings is not questioned by either party. The professional employees of defendants and defendants did operate under provisions of this agreement for the year 1973-1974, with the exception of the plaintiffs herein.

The plaintiffs contend the agreements as negotiated, though separate in content, are but one agreement, and that when defendants approved and accepted the benefits of one, they must assume the obligations of the other agreement. Plaintiffs state that the law encourages compromise and settlement rather than litigation. (15A Am. Jur. 2d, *Compromise and Settlement*, § 5; *Sutherland v. Sutherland*, 187 Kan. 599, 358 P. 2d 776, Syl. 8; *Fieser v. Stinnett*, 212 Kan. 26, 509 P. 2d 1156, Syl. 2.) Further, the plaintiffs argue that the two compromise agreements must be construed together as one agreement; because the parties are identical and the negotiations occurred at the same time. (*Place v. Place*, 207 Kan. 734, 486 P. 2d 1354; *Amortibanc Investment Co.*

*v. Jehan,* 220 Kan. 33, 551 P. 2d 918, Syl. 1.) Plaintiffs further argue that they are third party beneficiaries of the settlement agreement, even though they were not, individually or as a group, a party to the action wherein the compromise arose. Finally, they contend that the doctrine of *res judicata* does not apply to this action because they are not parties in any sense to the *Seaman* action, supra, which gave rise to the agreements upon which they rely.

Defendants argue that the two negotiated settlement agreements are separate, distinct, not dependent upon each other, and should not be considered as one agreement or contract. To support this argument, they show that the facts indicated that the court in the prior cited case, *Seaman Dist. Teachers' Ass'n v. Board of Education,* supra, did not have jurisdiction over the question of return of the terminated teachers; that the negotiating team did not have authority under K.S.A. 72-5415 to 72-5420 to represent terminated teachers; and that in fact, the Teachers' Association did not approve or ratify said negotiated agreement relating to return of terminated teachers. Further, the defendants argue that since the compromise and settlement was not valid, the plaintiffs could not rely on the theory that defendants could not accept the benefits of one agreement and reject the burden of its agreement with the terminated teachers.

For further argument, defendants state the plaintiffs could not be third party beneficiaries when the compromise and agreement negotiated was not between the parties hereto, and that the Teachers' Association was without authority to negotiate for return of terminated teachers.

For further argument, the defendants argue that *res judicata* is applicable to bar plaintiffs' claim, and that the trial court did not err in its ruling denying their right to an election of remedies.

The trial court, in its order granting summary judgment, found:

"The plaintiffs, constituting terminated teachers, fail to state a claim upon which relief can be granted on the basis that as a matter of law the agreement entered into by the representatives of the Association and School Board for the return of the terminated teachers was not ratified by the School Board nor ratified by the Association, and therefore did not constitute any valid agreement."

Upon a review of the record of pleadings and testimony presented at the lower court, it is disclosed that in the prior cited case of *Seaman Dist. Teachers' Ass'n v. Board of Education,* supra, at

page 246, the supreme court, on appeal, found that the Teachers' Association had no legal standing to assert claims for reinstatement on behalf of the suspended or terminated teachers; that on May 14, 1973, the representatives of the parties reached an agreement on the 1973-1974 employment contract; that said agreement was ratified by the members of the Teachers' Association on May 15, 1973, and by the Board on May 17, 1973.

The record further discloses that the representatives of the Teachers' Association and the Board treated teachers' employment contracts and return of terminated teachers as separate matters. The record indicates that after the employment contract agreement was reached, the court then recessed the hearing to permit the parties to consider the agreement concerning return of terminated teachers. This occurred after the attorneys agreed that employment contract settlement had been tentatively accepted by the negotiators. This occurred at approximately 6:15 p.m., and after recess at 7:00 p.m., the parties returned to court and indicated that a tentative agreement had been reached pertaining to the terminated teachers, and that the same would be prepared and submitted to proper parties for ratification.

The court then at that time stated as follows:

"Now, with respect to the matters which were first tentatively agreed to before the recess, I want to simply ask what will be the procedure you are going to take? You have got an agreement which now is tentative with respect to return of the teachers. You had the previous agreement wherein there was tentative agreement to accept the board's negotiated package for the '73-'74 year with the board's acceptance of Alternative No. 1. All that is on the record. Now, I think that it would be well to understand exactly how this is going to be submitted for ratification."

And the attorney for the board said:

"It's my understanding that the agreement we proposed that was submitted to you on May 11, we will provide on that salary a change to reflect the change that occurred. Then, in reference to this particular agreement of returning teachers, we intend to go to Mr. Martin's office, and they are going to get secretaries, and we are going to start dictating and get this resolved. Time schedulewise, it's my understanding that tomorrow afternoon there will be a mass meeting of all the teachers of the district called for the purpose of considering these two items. If they are ratified, then in that event, everything will point to go, and then the board will consider them on Thursday."

Said statement was not objected to by attorneys for the Teachers' Association.

The record further indicates that the terminated teachers met individually and ratified the agreement that provided for return of terminated teachers, and later that day, a separate and different meeting of members of the Teachers' Association ratified the agreement relating to employment contract for the year 1973-1974. On May 17, 1973, the School Board met and ratified the employment contract agreement and rejected the return of terminated teachers' agreement. In both instances, the parties considered a ratification of the agreements individually, and with regard to the agreement relating to return of terminated teachers, the ratifications took place at different times and by different identifiable groups of teachers.

The record is replete with evidence that during negotiations of the parties, the employment contract and the return of terminated teachers were considered consistently by the negotiating teams and the court as separate and distinct items for negotiation, and that the conditions of each of the agreements were not dependent upon the other.

These facts being considered with all other matters presented, this court finds that upon a motion for summary judgment by defendants, the court had facts sufficient to support its finding that a valid agreement did not exist as to the return or reinstatement of terminated teachers. (73 Am. Jur. 2d, *Summary Judgment,* §§ 5, 7.) Therefore, the questions of *res judicata,* election of remedies and third party beneficiaries are not necessary to this decision.

Judgment of the lower court is affirmed.